■ In the Matter of GEORGE ABDELLA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. In the Matter of ERNEST ABDELLA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondents George Abdella and Ernest Abdella were admitted to the Bar by this court on December 11, 1969 and September 30, 1937, respectively, and maintain an office for the practice of law in the City of Gloversville, Fulton County. In these proceedings to discipline them for professional misconduct, the referee found that the charges were not supported by the evidence. Respondents move to confirm the referee's report. Petitioner cross-moves to disaffirm the report and for a finding that respondents are guilty of professional misconduct. ¶ The petition in each proceeding contains a single charge. It is alleged that George Abdella, while acting as the attorney for the estate of Helen Shahda, engaged in conduct prejudicial to the administration of the estate by purchasing items of personal property from the estate at costs substantially less than fair market value without first obtaining an independent appraisal of such items. It is alleged that Ernest Abdella, while serving as the coexecutor of the estate of Helen Shahda, engaged in conduct prejudicial to the estate by purchasing, in the names of others (using a fictitious name on one occasion), items of personal property from the estate at costs substantially less than fair market value without first obtaining an independent appraisal of such items. ¶ At the time of her death, the decedent operated a small jewelry, art and antique business and the assets of her estate consisted principally of antiques and many items of jewelry. The referee refused to sustain either charge, finding that the best interest of the estate required a prompt liquidation sale of its assets; that the assets were inventoried and appraised prior to any sale; that the only appropriate and fair value of the items of used jewelry purchased from the estate by the respondents was the liquidation value as testified to by respondents' appraiser in these proceedings; and that, given the need for prompt liquidation, the consideration paid by respondents for the items of jewelry purchased from the estate was adequate and not substantially less than the fair and reasonable liquidation value of such items. We are not in complete agreement with these findings. It should be noted that, prior to the commencement of these proceedings, the coexecutors and the attorney for the estate were removed by court order for self-dealing and the items that they had purchased from the estate were eventually returned. ¶ Insofar as Ernest Abdella is concerned, it is clear from the record that he paid less than fair value for four of the nine pieces of jewelry that he purchased from the estate, paying a total of $1,105 for such items, which was approximately $400 less than the liquidation appraisal. In addition, a principle of estate and trust administration that requires no citation is that a fiduciary owes undivided loyalty to the beneficiaries and creditors of the estate and he cannot place himself in a position where he has personal interests to serve that are in conflict with estate interests. Thus the rule has been long established that a fiduciary may not engage in self-dealing by purchasing trust property because of the danger that the interests of the beneficiaries might be prejudiced. "However, there is little danger of such prejudice if the transaction is subjected to prior judicial scrutiny and given court approval. Accordingly, the rule against self-dealing has not been applied, and does not apply, to interdict the purchase of trust property by a trustee where the court, after conducting a full adversary hearing at which all interested parties are represented, approves and authorizes the sale." (*Matter of Scarborough Props. Corp.,* 25 NY2d 553, 558-559.) Here Ernest Abdella's

purchases from the estate were made without obtaining court approval. Moreover, such purchases were made by him without first obtaining an independent appraisal on behalf of the estate of the value of such items. While it is true that the items of jewelry subsequently purchased by Ernest Abdella, as well as by George Abdella, had been inventoried and appraised, at the request of the coexecutor, by an individual who had been employed for approximately five weeks by the decedent before her death, it is clear that there was no independent appraisal as that term is ordinarily defined, i.e., an estimation of the value of property by a disinterested person of suitable qualifications (Black's Law Dictionary [5th ed], p 92). In short, we find Ernest Abdella guilty of misconduct as indicated above and we conclude that he should be suspended from the practice of law for a period of three months. ¶ On the other hand, the record supports the referee's finding that George Abdella paid fair value for the items of jewelry that he purchased from the estate. However, the fact remains that he made his purchases at a time when he was acting as attorney for the estate without seeking court approval or without first obtaining an independent appraisal of the value of such items. In so doing, he effectively precluded the introduction of fair market value of the items at that time, which value might have differed substantially from the liquidation price that he paid and which is now considered fair value in this proceeding for lack of proof to the contrary. Under the circumstances, we conclude that George Abdella should be censured for his conduct in this matter. ¶ Respondent George Abdella censured. ¶ Respondent Ernest Abdella suspended for a period of three months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey and Mikoll, JJ., concur.